IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

| | |
|---|---|
| ORLANDO DEAN HOBBS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 1:25-cv-0123l-BCL-jay |
| | ) |
| STEVEN L. WEST, CJA; RICHARD LEIGH | ) |
| GRINALDS, AUSA; JAMES W. POWELL, | ) |
| AUSA; WILLIAM JOSHUA MORROW, | ) |
| AUSA; D. MICHAEL DUNAVANT, USA; and | ) |
| VICTOR L. IVY, AUSA, | ) |
| | ) |
|     Defendants. | ) |

---

## REPORT AND RECOMMENDATION

---

Before the Court is Defendant Steven L. West's Motion to Dismiss. (Docket Entry ["D.E."] 9). Plaintiff Orlando Dean Hobbs, proceeding pro se, has filed a response in opposition. (D.E. 23). This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. It is recommended that Defendant West's Motion to Dismiss be GRANTED.

I.

In 2008, a federal grand jury for the Western District of Tennessee indicted Hobbs on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[1] (D.E. 1 at 4–5, § III, ¶¶ A.–B.). The Court found that Hobbs qualified for the appointment of counsel and,

---

[1] *United States v. Hobbs*, 1:08-cr-10075, D.E. 1 (W.D. Tenn. June 16, 2008).

1

pursuant to the Criminal Justice Act of 1964, appointed attorney West to represent him.[2] (*Id*. at 1 § I, ¶ B., at 4 § III, ¶ A.) Hobbs entered into a guilty plea on February 27, 2009, and was sentenced on May 28, 2009. [3]

On September 30, 2025, Hobbs brought this *Bivens* claim against West alleging that West failed to adequately represent him, which resulted in Hobbs being wrongfully convicted. (*Id*. at 4-5, § III, ¶¶ A.–B.) West has moved to dismiss Hobbs's Complaint on three grounds. (D.E. 9). First, West submits that this Court lacks subject matter jurisdiction and should dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Next, West contends that the Complaint should be dismissed pursuant to Rule 12(b)(6) because Hobbs failed to state a claim upon which relief may be granted—specifically that *Bivens* does not extend to private attorneys appointed by the court. Finally, West argues that even if this Court has jurisdiction and West adequately stated a claim, his action is barred by the statute of limitations and statute of repose. Hobbs has responded in opposition. (D.E. 23). In his response, Hobbs asserts that a court-appointed private attorney may be considered a federal state actor under *Bivens*, and, therefore, the Court has subject matter jurisdiction. Additionally, he argues that his Complaint stated a claim for relief against West. Finally, he claims that he did not discover his alleged injury until May 11, 2025, and that the discovery rule should toll the statute of limitations.

II.

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the complaint. Generally, 12(b)(1) motions fall into two categories: facial attacks and factual attacks. *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the defendant asserts that the allegations in a complaint are insufficient

---

[2] *Id.* at D.E. 8–9, 11.
[3] *Id*. at D.E. 26–28, 32–33.

2

on their face to invoke federal jurisdiction. *Id.* By contrast, in a factual attack, the defendant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction, and the court is free to weigh the evidence. *Id.* A plaintiff has the burden of proving subject matter jurisdiction to survive a motion to dismiss under Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

The Court must "consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if [the] court lacks subject matter jurisdiction." *Houchens v. Beshear*, 850 F. App'x 340 (6th Cir. 2021). "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Rule 12(b)(1) motions can make facial or factual attacks on subject matter jurisdiction. *Howard v. City of Detroit*, 40 F.4th 417, 422 (6th Cir. 2022). Facial attacks challenge the sufficiency of the pleading, whereas factual attacks challenge the facts in the pleading. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). For this reason, when district courts review facial attacks, they take the facts in the complaint as true, but the same presumption of truth does not apply to factual attacks. *Id.*

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Even so, pro se litigants must adhere to the Federal Rules of Civil Procedure, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

III.

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). This implied cause of action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). To state a claim that is cognizable in a *Bivens* action, a plaintiff must plead two essential elements: first, that he has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendant acted under color of federal law. *Bivens*, 403 U.S. at 397.

Court-appointed counsel in federal criminal proceedings are not federal agents acting under color of federal law for purposes of a *Bivens* action. In *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the State, did not act under color of state law under 42 U.S.C. § 1983, the statutory counterpart to a *Bivens* claim, when performing the traditional functions of counsel to a criminal defendant in a state proceeding. Similarly, "an attorney is not transformed into a federal official for purposes of a *Bivens* action merely because he is appointed by a federal court pursuant to federal law." *Pagani-Gallego v. Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998); s*ee also Stamper v. Bouldin*, 46 F. App'x 840, 841 (6th Cir. 2002) (stating "an attorney appointed to represent a criminal defendant pursuant to a federal statute is not a federal official for purposes of a *Bivens* action"); *Burrell v. Arnold,* Nos. 97-3967, 97-4087, 1998 WL 537531 (6th Cir. Aug.10, 1998) (finding that a private attorney who agreed to represent plaintiff pro bono at request of district judge was "not acting as government agents or performing government tasks"); *Parker v. Maloney*, No. 1:20-cv-636, 2020 WL 5249072, at *3–4 (W.D. Mich. Sep. 3, 2020) (finding that

4

defendant's court-appointed counsel was not acting under federal law in representing plaintiff and dismissing *Bivens* action); *Lownsberry v. Lees*, No. 06–13602, 2008 WL 4852791, at *17 (E.D. Mich. Nov. 7, 2008) (stating "federal public defenders and court-appointed counsel are not federal agents acting under color of federal law for purposes of a *Bivens* action"); *Kefalos v. Axelrod,* No. C2–03–180, 2005 WL 2493375 (S.D. Ohio Oct. 7, 2005) (finding court appointed counsel in federal proceeding was not a federal official under *Bivens*).

Hobbs posits that West's contention that he is not subject to suit under *Bivens* because he is private attorney is an immunity defense. (*See* D.E. 23 at 2). Hobbs cites *Ferri v. Ackerman*, 444 U.S. 193 (1979), for the proposition that federal court-appointed counsel is not immune from suit brought by a former client. (*Id.*). Hobbs's reliance on *Ferri* is misplaced. In *Ferri*, the Supreme Court examined whether the Criminal Justice Act or federal officer immunity caselaw provided federally court-appointed counsel with absolute immunity in a state malpractice suit brought by a former client. 444 U.S. at 193. After finding that the Criminal Justice Act provided no statutory basis for immunity for court-appointed counsel, the Court turned to whether court-appointed counsel may be entitled to federal official immunity. *Id.* at 199–201. The Court, in determining that court-appointed counsel does not enjoy the immunity to which judges, prosecutors, and other public officers are entitled, stated:

> [T]he primary office performed by appointed counsel parallels the office of privately retained counsel. Although it is true that appointed counsel serves pursuant to statutory authorization and in furtherance of the federal interest in insuring effective representation of criminal defendants, his duty is not to the public at large, except in that general way. His principal responsibility is to serve the undivided interests of his client. Indeed, an indispensable element of the effective performance of his responsibilities is the ability to act independently of the Government and to oppose it in adversary litigation.

*Id.* at 204.

While this passage was written in the context of whether court-appointed counsel is entitled to immunity from suit and not whether a federal appointment to represent an indigent criminal client transforms court-appointed counsel into a federal official for purposes of *Bivens*, it reinforces the concept that court-appointed counsel does not act under color of law. Thus, *Ferri* does not support Hobbs's argument that court-appointed counsel, such as Defendant West, is subject to a *Bivens* suit.

Because West, as Hobbs's former court-appointed counsel, is not a federal official acting under color of federal law for purposes of a *Bivens* action, this Court should find that it lacks subject matter jurisdiction over Hobbs's claim against West. Because the Court does not possess subject matter jurisdiction over Hobbs's claim under Rule 12(b)(1), it need not reach West's Rule 12(b)(6) or statute of limitations arguments.

IV.

For these reasons, it is RECOMMENDED that the Court find that Defendant Steven West is not subject to suit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and, as a result this Court does not have subject matter jurisdiction. The Court should GRANT Defendant West's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Respectfully submitted, this the 22nd day of June, 2026.

<u>**s/Jon A. York**</u>
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE</u>

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**