## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

ORLANDO DEAN HOBBS,

    Plaintiff,

    v.

STEVEN L. WEST, CJA; RICHARD LEIGH
GRINALDS, AUSA; JAMES W. POWELL,
AUSA; WILLIAM JOSHUA MORROW,
AUSA; D. MICHAEL DUNAVANT, USA;
and VICTOR L. IVY, AUSA,

    Defendants.

Case No. 1:25-cv-01231-BCL-jay

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
## ADOPTING REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge Jon A. York's Report and Recommendation (Doc. 57) on Defendant Steven L. West's Motion to Dismiss. Doc. 9. Plaintiff filed objections (Doc. 68) within the allotted fourteen (14) days. For the reasons given below, those objections are **OVERRULED** and the Report is **ADOPTED AS MODIFIED HEREIN**. The Motion to Dismiss is **GRANTED**.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the

order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

## **DISCUSSION**

The Court has reviewed the Report and the entire record in this matter and finds no clear error or error of law in the Magistrate Judge's analysis or conclusions.

Plaintiff's main objection is that the Magistrate Judge erred by characterizing his lawsuit as a § 2255 petition as opposed to a civil *Bivens* action. Doc. 68 at 2-3. However, Judge York recommends granting Defendant West's Motion to Dismiss on the grounds that Plaintiff has failed to plead the required elements of a *Bivens* action; namely, that Plaintiff has failed to plead Defendant West acted under color of federal law. Judge York does not recharacterize Plaintiff's *Bivens* claim as a § 2255 petition. Doc. 57 at 2.

As is relevant to the Magistrate Judge's recommendation, Plaintiff states only:

Just as Private citizens can be sued under Section 1983 for conspiring with state acts, private individuals can be sued under *Bivens* if they conspire with federal officials. "Under color of law" when defense attorney (public or private) conspires with a federal prosecutor or a federal judge, their joint action is treated as operating under color of federal law.

Doc. 68 at 7. Although Defendant West and the Magistrate Judge addressed this issue under Federal Rule of Civil Procedure 12(b)(1), the question of whether *Bivens* applies to the Defendant

2

is an inquiry properly analyzed under Rule 12(b)(6). [1] *See Lexmark v. Static Con troll Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) ("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction."); *see also Bell v. Hood*, 327 U.S. 678, 682 (1946). And applying that standard here, Plaintiff has failed to state a claim:  The Sixth Circuit has made clear that "a private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action," *Bradford v. Shankman*, 772 F.2d 905 (6th Cir. 1985); *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981), and plaintiff has not pleaded (Doc. 1) any factual matter that, accepted as true, would plausibly warrant varying from that settled rule. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's objection is therefore **OVERRULED**.

## CONCLUSION

For the forgoing reasons, the Court agrees that Plaintiff's claims warrant dismissal but modifies the Report and Recommendation to evaluate the motion under Rule 12(b)(6) rather than Rule 12(b)(1). Applying the Rule 12(b)(6) standard, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation **AS MODIFIED** to reflect the correct procedural framework, and **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED**, this 7th day of July, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that while the Report and Recommendation discusses the Rule 12(b)(1) standard, its substantive legal analysis remains applicable under Rule 12(b)(6).