**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**ORLANDO DEAN HOBBS,**

**Plaintiff,**

**v.** **Case 1:25-01231-BCL-cgc**

**STEVEN L. WEST,**
**RICHARD LEIGH GRINALDS,**
**JAMES W. POWELL,**
**WILLIAM JOSHUA MORROW, and**
**VICTOR LEE IVY,**

**Defendants.**

---

**REPORT AND RECOMMENDATION ON**
**RICHARD LEIGH GRINALDS, VICTOR LEE IVY,**
**AND WILLIAM JOSHUA MORROW'S MOTION TO DISMISS**

---

Before the Court is Defendants Richard Leigh Grinalds, Victor Lee Ivy, and William Joshua Morrow's (collectively the "USAO Defendants") Motion to Dismiss for Failure to Serve, Lack of Subject Matter Jurisdiction, and Failure to State a Claim. (Docket Entry ("D.E.") #36). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that the USAO Defendants' Motion to Dismiss be GRANTED.

## I. Introduction

On September 30, 2025, Plaintiff filed a *pro se* Complaint alleging a *Bivens* claim against, *inter alia*, multiple Assistant United States Attorneys who were involved in the prosecution of a criminal case against him from 2008 until 2009. *See Bivens v. Six Unknown Named Agents of the*

*Bureau of Narcotics*, 403 U.S. 388 (1971); *United States of America v. Orlando Dean Hobbs*, No. 1:08-cr-10075-JDB (W.D. Tenn.).

Plaintiff alleges that the USAO Defendants conspired to withhold evidence relating to his rights being restored after his convictions for prior criminal offenses in Minnesota and that this withholding of evidence adversely affected the sentence he received because he qualified as an Armed Career Criminal. Plaintiff alleges that the USAO Defendants' actions violated his First, Fifth, Sixth, and Eighth Amendment rights and his statutory rights under 18 United States Code Sections 921-924. (Compl. at PageID 3). Plaintiff's Complaint raises *Bivens* claims against the USAO Defendants in both their official and individual capacities. (Compl. at PageID 2-4). Summonses were issued as to the USAO Defendants on October 1, 2025 (D.E. #5, #6), and Plaintiff filed a Notice on October 9, 2025 demonstrating that service was performed by mail upon the USAO Defendants (D.E. #8).

The instant Motion to Dismiss was filed by the USAO Defendants on February 9, 2026. First, the USAO Defendants argue that service not been completed upon them pursuant to Rule 4(i)(3) because, while they have been served individually, the United States has not been served through the Attorney General. *See* Fed. R. Civ. P. 4(i)(3). Second, they argue that the Court lacks subject-matter jurisdiction over this case because it constitutes an improper appeal from Plaintiff's 2009 guilty plea and sentence. Third, they argue that the case is time-barred. Finally, they argue that Plaintiff's *Bivens* claim fails as a matter of law because it alleges an impermissible new context under *Egbert v. Boule*, 596 U.S. 482 (2022), and special factors counsel hesitation in expanding the *Bivens* remedy to cases with facts like those Plaintiff has alleged here.

Local Rule 12.1 requires a party opposing a motion to dismiss to file a response within twenty-eight days after the motion is served. Plaintiff failed to do so here.

On April 23, 2026, Magistrate Judge York issued an Order on Pending Motions. (D.E. #45). Therein, he ordered that Plaintiff must "finish serving the United States no later than **May 22, 2026**" and that Plaintiff's "deadline to file a response to [the USAO Defendants'] motion to dismiss is extended to **May 22, 2026**." (April 23, 2026 Order at PageID 582, 584).

On April 23, 2026, Plaintiff requested additional time to serve the Attorney General pursuant to Rule 4(i)(4)(B) (D.E. #46), which was denied as moot in light of the Court's order issued earlier that same day that explicitly set the date upon which service must be completed (D.E. #47). On May 4, 2026, Plaintiff filed documents purporting to demonstrate service upon the Attorney General.[1] (D.E. #48 at PageID 605-607). Subsequently, the Government has conceded that Plaintiff has completed service upon the USAO Defendants. (D.E. #52 at PageID 645-46).

On June 5, 2026 – after the May 22, 2026 deadline had expired, Plaintiff filed a motion requesting additional time to respond to the USAO Defendants' Motion to Dismiss. (D.E. #55). Magistrate Judge York granted Plaintiff until June 29, 2026 to file his Response. (D.E. #56).

On June 29, 2026, Plaintiff filed an Omnibus Response in Opposition to Defendants' Motions to Dismiss and Cross Motion for Summary Judgment. (D.E. #60). First, Plaintiff argues that this Court may exercise subject-matter jurisdiction over his Section 1983 claim pursuant to 28

[1] Plaintiff's letter to the Attorney General and Certificate of Service are dated April 27, 2026; however, the Certified Mail Receipt is not dated. (D.E. #48 at PageID 605-607). Thus, it appears that service was made upon the Attorney General between April 27, 2026 and May 4, 2026.

United States Code Section 1331 ("Section 1331"). Second, Plaintiff argues that his *Bivens* claim is timely because Plaintiff did not discover the deprivation of his rights until 2025.[2] [3]

## II. Legal Standard

### *a. Rule 12(b)(1) of the Federal Rules of Civil Procedure*

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion that attacks jurisdiction based upon the face of the pleading requires that the court accept the non-moving party's allegation of facts as true. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir.2004). A Rule 12(b)(1) motion that challenges the factual basis of the court's jurisdiction requires the party asserting jurisdiction bears the burden of establishing it. *Id.* The Court must be satisfied that the jurisdictional and standing requirements are met before addressing the substance of Plaintiff's claims on the merits. *Bell v. Hood*, 327 U.S. 678, 682 (1946).

### *b. Rule 12(b)(6) of the Federal Rules of Civil Procedure*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of*

---

[2] Plaintiff additionally seeks to file a cross-motion for summary judgment; however, Plaintiff's request does not comply with Rule 56.1(b) of the Local Rules. The USAO Defendants' Response (D.E. #73) asserts that it should be denied for this reason. Upon review, it is RECOMMENDED that Plaintiff's brief mention of seeking summary judgment without compliance with the Local Rule for doing so is not a properly filed motion for this Court's consideration.

[3] Also on June 29, 2026, Plaintiff filed a "Memorandum Opposition," (D.E. #65), which appears to be a second response to the USAO Defendants' Motion to Dismiss. Multiple responses are not permitted by Local Rule 12.1(b). On July 14, 2026, the USAO Defendants filed a Reply (D.E. #72, #73); however, this Reply is untimely pursuant to Local Rule 12.1(c).

*United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells*

*v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

## III. Proposed Analysis & Conclusions of Law

The USAO Defendants have raised four arguments in their Motion to Dismiss. The first argument regarding service upon the Attorney General is now moot, as service was completed on or before May 4, 2026, which was in advance of the Court's deadline to do so.

Typically, the Court would next consider whether it may exercise subject-matter jurisdiction over the claim. However, courts have held that, for *Bivens* claims, this question is intertwined with the underlying substantive question of whether Plaintiff has properly stated a claim over which the Court could exercise jurisdiction. *See, e.g. Jeffrey L. Clemens v. United States*, No. 3:24 CV 1938, 2026 WL 799173, at *5 (N.D. Ohio March 23, 2026) (citing 28 U.S.C. § 1331). Thus, the Court must first consider whether Plaintiff has properly plead a *Bivens* claim.

With respect to Plaintiff's *Bivens* claim against the USAO Defendants in their official capacities, this is essentially a suit against the United States, and such a claim is barred under the doctrine of sovereign immunity unless it has been waived. *Miller v. F.B.I.*, 149 F.3d 1183 (6th Cir. 1998) (Table). The United States has not waived its immunity to *Bivens* actions. *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989) (citing cases).

Accordingly, it is RECOMMENDED that Plaintiff's official-capacity claims against the USAO Defendants be dismissed.

With respect to Plaintiff's *Bivens* claim against the USAO Defendants in their individual capacities, prosecutors performing traditional prosecutorial activities such as representing the United States in criminal actions, including sentencing proceedings, are entitled to absolute immunity from suit. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28.

Furthermore, *Bivens* claims have been narrowly created by courts to provide remedies against federal government officials in only three situations: (1) a Fourth Amendment claim against federal agents for an illegal seizure; (2) a Fifth Amendment claim for employment discrimination; and, (3) and an Eighth Amendment claim against prison officials for inadequate medical care. 2026 WL 799173 at *5 (citing *Carlson v. Green*, 446 U.S. 14 (1980); *Davis v. Passman*, 422 U.S. 228 (1979); *Bivens*, 403 U.S. 388 (1971)). The Supreme Court has advised against extending *Bivens* beyond its previously established bounds. *Id.*; *see also Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citation omitted) (stating that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity" and that courts have "consistently refused to extend *Bivens* to any new context or new category of defendants").

Here, Plaintiff's claims do not fall within any of the judicially created *Bivens* claims, and even if this Court were inclined to consider the "disfavored" course of considering whether the contexts of *Bivens* claims should be expanded, there is no basis for the Court to do so here because the defendants maintain absolute immunity from suit for their actions taken during their traditional prosecutorial duties. Accordingly, it is RECOMMENDED that Plaintiff's *Bivens* claims against the USAO Defendants in their individual capacities be DISMISSED.

## IV. Conclusion

For the reasons set forth herein, the USAO Defendants' Motion to Dismiss is hereby GRANTED.

Signed this 20th day of August, 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**