**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**Orlando Dean Hobbs**,

Plaintiff,

v. Case No. 1:25-cv-01231-BCL-cgc

**West et al.,**

Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation, entered August 20, 2026. Doc. 81. The Report recommends that Defendants Richard Leigh Grinalds, Victor Lee Ivy, William Joshua Morrow's ("USAO Defendants") Motion to Dismiss (Doc. 36) be granted. USAO Defendants filed objections. Doc. 85. Plaintiff filed a Response in Opposition to Defendants' Motions to Dismiss and Demand for Concurring Recognition of Rule 60(d)(3) Independent Action. Doc. 89. For the foregoing reasons, the Report is **ADOPTED AS MODIFIED HEREIN**.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters,

"[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

**DISCUSSION AND CONCLUSION**

The Court has reviewed the Report and the entire record in this matter and finds no error in the Magistrate Judge's analysis or conclusions.

**I. USAO Defendant's Objections**

The USAO Defendants object only to the Magistrate Judge's following determination discussed in a footnote:

> Also on June 29, 2026, Plaintiff filed a "Memorandum [in] Opposition," (D.E. #65), which appears to be a second response to the USAO Defendants' Motion to Dismiss. Multiple responses are not permitted by Local Rule 12.1(b). On July 14, 2026, the USAO Defendants filed a Reply (D.E. #72, #73); **however, this Reply is untimely pursuant to Local Rule 12.1(c).**

Doc. 81 at 4 n.3 (emphasis added). USAO Defendants agree that they filed a Reply to Plaintiff's Memorandum in Opposition to their Motion to Dismiss (Doc. 65) on July 14, 2026 (Docs. 72, 73). However, they assert that their Reply was timely because they were not served with Plaintiff's Response until July 1, 2026, as evidenced by the time entry on the docket. Doc. 65 ("Entered: 07/01/2026"). Pursuant to Local Rule 12.1(c), "Replies must be filed within 14 days after the response is served." Therefore, USAO Defendant's Reply was timely filed within 13 days. As USAO Defendants note, this erroneous finding has no impact on the substantive determination of

the Magistrate Judge's Report. In any event, the Objection is **SUSTAINED** and the Court **REJECTS** the Magistrate Judge's conclusion that USAO Defendants' reply was untimely.

## II. Plaintiff's Objections

The Magistrate Judge recommends granting USAO Defendants' Motion to Dismiss on the basis of sovereign and prosecutorial immunity. Doc. 81 at 6-7. In his Response, Plaintiff fails to put forth any specific objections to the Magistrate Judge's findings. Rather, Plaintiff has erroneously filed an out of time response to USAO Defendants' underlying Motion to Dismiss. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Because Plaintiff does not address the Magistrate Judge's determinations, this Court is not required to conduct a review of the Report. *Thomas* 474 U.S. at 150.

## CONCLUSION

The Court hereby **ADOPTS** the Report and Recommendation (Doc. 81). Plaintiff's Complaint is **DISMISSED** as to the USAO Defendants.

**IT IS SO ORDERED**, this 15th day of September 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE